JAMES LAW *vs.* JOHN BUTLER.

November 14, 1890.

**Homestead—School Land—Assignment without Wife's Signature—Delivery of Possession.**—D. held a certificate of sale of school lands, and with his wife was occupying the land as a homestead, and he made an assignment of the certificate to B., the wife not affixing her signature to the assignment; but they surrendered the possession of the land to B., who, and his assigns thereafter, continued in possession. *Held*, the assignment was void. Following *Barton* v. *Drake*, 21 Minn. 299, and *Alt* v. *Banholzer*, 39 Minn. 511.

**Same—Acts of Wife not a Substitute for Signature.**— That no act of the wife, (unless amounting to an estoppel,) except it amounted to affixing her signature, could make the assignment effectual.

**Same—Wife, when Estopped.**—That, to make the assignment effectual by estoppel, the estoppel must operate as to both the husband and wife.

**Same—Wife Held not Estopped.**—Facts considered and *held* not to make an estoppel as to the wife, (even if she could estop herself.)

**Same—Land Afterwards Ceasing to be Homestead.**— The assignment did not become operative upon the land afterwards ceasing to be a homestead.

**Vendor's Lien not Assignable.**—A vendor's lien upon real estate is not, in general, assignable. Following *Hammond* v. *Peyton*, 34 Minn. 529.

**Same—Subrogation to Lien.**—Facts considered and *held* not to show a subrogation of defendant, claiming under B., to a vendor's lien, claimed to have existed in the vendor or assignor of D.

Appeal by defendant from an order of the district court for Dakota county, *Crosby*, J., presiding, refusing a new trial.

*C. D. O'Brien* and *Pinch & Twohy*, for appellant.

*John B. & W. H. Sanborn*, for respondent.

GILFILLAN, C. J.    Action under the statute to determine adverse claims to real estate, the plaintiff claiming to be the owner in fee. The answer alleges that the title was derived by patent from the state, the lands having been school lands; that the plaintiff fraudulently procured the patent to be issued to him, when, by reason of

facts stated in the answer, defendant was entitled to it, and it ought to have been issued to him and not to plaintiff. The cause was tried below by the court, without a jury, and the court filed its findings of fact, and directed judgment for plaintiff. Defendant appeals from an order denying his motion for a new trial.

. No assignment of error is made to the findings of fact, and they are to be taken as conclusive. They are briefly these: In December, 1862, the lands were school lands of the state, and were purchased by one Sackett for $440, of which he paid $66, and the land-commissioner issued to him the usual certificate of sale. In April, 1871, Sackett assigned the certificate to one Scarborough for the consideration of. $1,600, for which he gave the former his promissory notes, and of which he afterwards paid $600.. In March, 1872, he assigned the certificate to one Dean for the consideration of $1,600, of which the latter paid $900 at the time, and for the remainder gave Scarborough his notes, which Scarborough, without Dean's consent, indorsed to Sackett to apply on his indebtedness to him. Dean, who was a married man, immediately went into possession of the land, and with his wife occupied it as a homestead until October, 1877, when he, his wife not joining with him, made an assignment to Patrick Butler, the latter, as part of the consideration, giving his notes for $800, which he afterwards paid to Sackett in payment of the said notes of Dean, and for the remainder gave his note to Dean for $520, due December 1, 1878, which has been partly but not fully paid. The assignment was not delivered to Butler, but was deposited with one Phillips, to be held by him until the $520 note should be fully paid, and then, but not before, to be delivered to Butler. Dean, with his wife, continued to occupy the land till the latter part of November, 1877, when they removed from it, and surrendered possession to Butler, and he and his assigns have ever since been in possession. In December, 1877, Butler assigned the certificate to Catherine Butler, and in May, 1888, she executed to defendant a quitclaim deed of the land. In July, 1887, Sackett executed to defendant a quitclaim deed of the land. In December, 1887, Dean executed to plaintiff a quitclaim deed of the land; and in February, 1888, the latter paid to the state .$394,

the amount due on the certificate, and a patent for the land was thereupon issued to him.

Until the patent issued, the legal title to the land remained in the state, and under the patent it passed to plaintiff. The certificate of sale gave to the rightful holder of it an equitable title to the land, with the right of possession. Where a patent issues to one, and another was equitably entitled to have it issue to him, the patentee is deemed to hold the legal title in trust for the party equitably entitled to it, and the latter may enforce a transfer of the legal title to him, and the judgment of the court may pass it to him. But the burden is on him who claims against the patent. He must show an equitable right to the legal title superior to that of the party to whom the patent issued. Had the assignment by Dean to Patrick Butler been valid, the latter would thereupon have become entitled to perform the conditions of the certificate of sale, and have the patent issue to him; and, without an actual assignment, had he acquired an equitable right to have the certificate assigned to him,—a right superior to that of the persons who procured the patent,—the court would enforce that right as against the patentee. We may lay out of account the deed from Sackett to Butler, for, when it was executed, Sackett, having previously assigned the certificate to Scarborough, had no interest, legal or equitable, to pass by the deed. On the other hand, the deed from Dean to plaintiff passed the former's interest, legal and equitable, and operated as a transfer of the certificate, unless he had previously assigned the certificate to Butler, or the latter had acquired an equitable right,—a right which the courts would enforce,—to have it assigned to him.

The case turns, therefore, on the character and effect of the transaction between Dean and Patrick Butler. Respondent claims that the assignment made by Dean, and deposited with Phillips, was a mere offer by the former, which he could withdraw at any time before Butler accepted it by payment of the $520 note, and that it created no fixed right in Butler. This is incorrect. Dean had agreed to assign the certificate to Butler, and the latter had paid $800 of the consideration, had given the $520 note payable at a future day for the remainder, and went into possession, as is manifest, under the ar-

rangement of which the deposit with Phillips was a part. Were it not for the effect of the homestead right upon the transaction, and laying that aside for the present, he thereby acquired a right, which the courts would enforce, to have an assignment of the certificate upon complying with the terms of the sale,—a right which he could lose only by something in the nature of a forfeiture.

The question then arises as to the effect of the homestead right on the transaction. That effect was the same, whether the assignment was completely executed, or the transaction was no more than an oral agreement to assign. In *Wilder* v. *Haughey*, 21 Minn. 101, it was decided that an equitable owner of land (and such was Dean) may claim and hold the same as a homestead. Dean's right in the land and his attempt to transfer that right came within the rules of law governing homesteads and transfers of the land to which the right has attached. The statute in force at the time of this transaction, (Laws 1869, *c.* 26, § 1; Gen. St. 1878, *c.* 68, § 2,) declared that any mortgage or alienation of the land by the owner, if a married man, shall not be valid without the signature of the wife to the same. *Barton* v. *Drake*, 21 Minn. 299, decided that this applies as well to a contract to convey as to a conveyance. Of the states having statutes similar to ours, it is held in some that the conveyance is only voidable; in others, that it is not merely voidable, but absolutely void. In *Barton* v. *Drake*, this court held a contract to convey "wholly void,"—held it indeed so entirely ineffectual that the court declared it a nullity even after a judgment for specific performance in an action by the vendee against the vendor, the husband. See also *Alt* v. *Banholzer*, 39 Minn. 511, (40 N. W. Rep 830.) The practical distinction between a deed voidable and one wholly void is that the former may be ratified,—that is, the maker of it may waive his right to avoid it, which he may do either expressly or by acts which assume its validity, or by acquiescence such as can be explained only on the theory that he is content to abide by the deed; while a deed wholly void is incapable of ratification. Of course the maker may estop himself from asserting the facts which render it void, but that is a different thing from ratification. The distinction is unimportant in this case, for one not a party to a voidable deed can hardly ratify

it, and certainly a wife cannot make her husband's deed of the homestead effectual by any act (unless by estoppel) which does not amount to affixing her signature to it. To permit her to do so would be evading the statute. Under the statute, both the husband and wife must be bound by the conveyance or contract to convey, or neither is. Neither of them acting alone can give it validity. So that, if it is to become effectual by estoppel, the estoppel must operate as to both.

Conceding, though it is not necessary in this case to decide it, that a wife may, by her acts, estop herself from asserting, as against her husband's conveyance, that the land was a homestead, we see nothing in the case that could be held to estop Mrs. Dean. She could not be estopped as to the law upon the facts that existed. It does not appear that Patrick Butler, in making the arrangement with Dean, relied on anything that she said or did, or any omission of hers to say or do anything; nor does it appear but that Butler knew that the land was a homestead, and that Dean had a wife, and that she did not sign the assignment; nor does it appear that she knew anything about the transaction until after it was fully made. The case looks like that of two men contracting for a transfer by one of them of his interest in the land constituting his homestead, ignoring the wife without whose signature the transfer cannot be made.

The case of *Alt* v. *Banholzer* also disposes of the point which appellant seems to make, to wit, that the assignment or agreement to assign by Dean became operative upon the land ceasing subsequently to be a homestead. In that case the validity of a mortgage not signed by the wife was involved, and it was held immaterial that the wife had subsequently obtained a divorce.

The appellant claims that at any rate defendant is entitled by subrogation to a vendor's lien. He seeks to work it out in this way: Sackett had a vendor's lien for the unpaid part of the purchase-money on his assignment to Scarborough. Scarborough had such a lien, and it passed to Sackett when the former indorsed the Dean notes to him, so that Sackett became possessed of his own lien, and also that of Scarborough. How the lien got from Sackett to him the appellant does not show; but it could have vested in him in only one of two ways: *first*, by Sackett's deed to him,—which, as a vendor's lien is

not in general assignable, could not be ;  *Hammond* v. *Peyton*, 34 Minn. 529, (27 N. W. Rep. 72;) *second*, by passing to Patrick Butler, by subrogation, upon the arrangement between him and Dean, and then passing by virtue of Patrick Butler's assignment to Catherine Butler, and by her quitclaim deed of the land to defendant—and·it could not be assigned by that assignment or deed.   Though the lien had survived in Sackett or Scarborough, and had, by subrogation, passed to Patrick Butler, yet that does not help the appellant, as there are no circumstances that work a subrogation in his favor, and the lien could not be directly assigned to him.

The appellant makes some other points in the case, but we do not see enough in them to call for particular notice in this opinion.

Order affirmed.