# CLAUS F. EKBLAW v. RAYMOND NELSON and Another.[1]

January 16, 1914.

Nos. 18,404—(210).

**Delivery of deed.**
 1. The evidence sustains the special verdict that a deed was delivered by the grantor to the grantees.
**Reservation in deed — passing of title.**
 2. A warranty deed, containing the provision that the grantor shall remain in full possession and ownership of the premises conveyed during his lifetime, and that the deed should not be recorded until after his death, passed the title to the grantees subject to an estate for life in the grantor.
**Evidence of estoppel.**
 3. Such deed was not signed by the grantor's wife and was void as to the homestead included therein. The record contains no evidence of acts or words of the grantor influencing the conduct of the grantees so as to create title in them by estoppel.

Action in the district court for Polk county by the administrator of the estate of John Ekblaw, deceased, against Raymond Nelson and Rolland Nelson to recover possession of certain real estate and $600, the value of the use and occupation of the same. The case was tried before Watts, J., who denied motions for verdicts in favor of plaintiff and defendants respectively, and a jury which returned a verdict that plaintiff was entitled to the possession of the east half of the premises, but that defendants were entitled to the possession of the west half. Defendants' motion to set aside so much of the verdict as awarded the possession of the east half to plaintiff and for judgment notwithstanding the verdict in favor of defendants for the recovery of the whole tract, was denied. The motion of plaintiff to set aside so much of the verdict as awarded the possession of the west half to the defendants and for judgment notwithstanding the verdict in favor of plaintiff for the recovery of pos-

1 Reported in 144 N. W. 1094.

session of the whole tract, was denied. From the judgment entered pursuant to the verdict, plaintiffs and defendants appealed. Affirmed.

*Charles Loring* and *G. A. Youngquist,* for plaintiff.

*A. A. Miller,* for defendants.

HOLT, J.

In 1902 a widow, the mother of defendants, then boys of the age of 9 and 7 years, respectively, married John Ekblaw. Soon thereafter this family moved onto a quarter section of land near Crookston, Minnesota. In 1904 Mr. Ekblaw was erecting a barn on the place and needed some money. His wife let him have about $1,000 for that purpose. Two years later she became very ill and evidently disturbed as to the future of her boys in case of her death. Ekblaw then went to Crookston, caused a deed to be drawn and executed by himself alone, conveying the quarter section to defendants. The deed was the short form warranty, but contained the following clause: "Said John Ekblaw, party of the first part, to remain in full possession and ownership of said described real estate during his (said grantor's) lifetime and this deed not to be placed on record until after the death of said John Ekblaw, party of the first part." On his return he gave the deed to his wife. She read it, and then handed it to the mother of the boys' father, with the request that she take care of it until John Ekblaw was dead. Shortly thereafter Mrs. Ekblaw died. The defendants continued to live with their stepfather and assisted in running the farm until his death in 1909. Ekblaw had no children. The east half of this quarter section was his homestead during all the time after he moved upon it in 1902. This action is by the administrator of his estate for the possession of the land, the defendants having retained possession. The court instructed the jury that plaintiff was entitled to recover possession of the homestead, or east half of the land, and further, if the deed had been delivered to defendants, they were entitled to possession of the other half. Judgment was entered upon the verdict that plaintiff was entitled to possession of the east half and defendants to the west half of the quarter section. Both parties appeal.

The only question litigated at the trial was the effect of the deed from John Ekblaw to defendants. Plaintiff contends there was no delivery of the deed; that, even so, it is not a conveyance, but an abortive testamentary disposition of property, and, in any event, the deed is void as to the homestead. Defendants, conceding that the deed was ineffective to pass title to the homestead when it was executed, claim that John Ekblaw estopped himself from denying its validity and plaintiff is concluded thereby.

By special verdict the jury found that before his death John Ekblaw delivered the deed to defendants. The evidence sustains the finding. The situation surrounding the transaction and the relation of the members of the family to each other plainly indicate that it was the purpose of John Ekblaw, when he gave the deed into the hands of his wife, to make a delivery thereof to her for defendants. And even if it was not to be delivered to defendants until after his death it was a good delivery. Haeg v. Haeg, 53 Minn. 33, 55 N. W. 1114; Wicklund v. Lindquist, 102 Minn. 321, 113 N. W. 631; Thomas v. Williams, 105 Minn. 88, 117 N. W. 155.

We agree with the trial court in the conclusion that the deed is a conveyance of a present estate and not an attempted testamentary disposition of property. The intention to convey the fee, reserving to the grantor a life estate, is readily seen. The language used to express such intention is not the most apt, perhaps, but its meaning is reasonably clear. If the word "ownership" had been omitted, no dispute could well have arisen. But full possession and ownership is as accurately descriptive of a person's tenure in a life estate as of one in fee simple. The meaning of a word or term is often qualified by the context. And in contracts that meaning must be adopted which sustains, and not the one which destroys or renders purposeless, the instrument. The meaning of words and expressions is to be gleaned primarily from the document itself, but in case of ambiguity resort may also be had to surrounding circumstances. No provision is contained in this deed postponing its taking effect; the contrary may be inferred from the fact that the recording of it is the only matter which is in terms postponed.

124 M.—22.

In each of the cases cited by plaintiff, language was made use of in the deed which clearly postponed the grant, or the effect of the conveyance, until the death of the grantor. Leaver v. Gauss, 62 Iowa, 314, 17 N. W. 522; Bigley v. Souvey, 45 Mich. 370, 8 N. W. 98; Donald v. Nesbit, 89 Ga. 290, 15 S. E. 367.

In Vessey v. Dwyer, 116 Minn. 245, 133 N. W. 613, the deed provided: "This conveyance and the title of said second parties to the above described lands to take only upon the death of said first party; and this conveyance is made only upon the covenant and agreement between all said parties that said first party shall continue to own and occupy said land as her own during her natural life, and said first party hereby reserves to herself the use, occupation, rents, and profits of all said described land during her natural life." The deed was held to convey the fee, reserving a life estate in the grantor. See also: Graves v. Atwood, 52 Conn. 512, 52 Am. Rep. 610; Dismukes v. Parrott, 56 Ga. 513; Blanchard v. Morey, 56 Vt. 170. It will be seen that the language of the deed in the Vessey case attempts to postpone the grant, and the decision accords with many other authorities which hold that, even if a deed in express terms specifies that it is not to take effect until the grantor's death, it nevertheless conveys a present interest and is not to be considered testamentary in character. White v. Hopkins, 80 Ga. 154, 4 S. E. 863; Abbott v. Holway, 72 Me. 298; Shackelton v. Sebree, 86 Ill. 616; Wilson v. Carrico, 140 Ind. 533, 40 N. E. 50, 49 Am. St. 213.

We entertain no doubt of John Ekblaw's intent to convey the whole farm to defendants and that he died in the belief that he had so done. But unfortunately he failed to have his wife join in the deed and therefore it was and is void as to the homestead. Murphy v. Renner, 99 Minn. 348, 109 N. W. 593, 8 L.R.A.(N.S.) 565, 116 Am. St. 418, and cases there cited. This is conceded. However defendants contend that John Ekblaw was estopped to deny its validity and so is plaintiff. The evidence disclosed no act of Ekblaw creating an estoppel. The mere giving of the deed cannot be so construed. There is no evidence that defendants parted with anything, or surrendered any rights, or placed themselves in

any worse position, because of anything said or done by their step-father with reference to the homestead. Ekblaw never abandoned the land as a homestead or surrendered possession while he lived. The only authority which defendants cite, Lucy v. Lucy, 107 Minn. 432, 120 N. W. 754, 131 Am. St. 502, is not in point. There the grantor subsequent to making the deed abandoned the premises as a homestead and gave complete possession to the grantee. The latter was to make some payments during the grantor's life. Afterwards, when a misunderstanding arose as to these, the grantor sued the grantee and obtained judgment reforming the deed so as to embody provisions for the payment of the annuities to the former and other conditions. These the latter thereafter paid and performed. It was held that a subsequent grantee, taking with full knowledge of these facts, was estopped from asserting title as against the first grantee in possession under the deed and judgment mentioned, although the grantor's insane wife was not party to either. There are no similar facts in the case at bar upon which to predicate an estoppel.

Judgment affirmed.