# CLIFFORD A. BULLOCK v. GEORGE C. MILEY AND ANOTHER.[1]

June 9, 1916.

Nos. 19,833—(225).

**Conveyance of homestead — estoppel against grantors.**

1. A conveyance of the homestead not executed as required by statute is void; but the grantors may by their conduct estop themselves from asserting its invalidity.

**Same.**

2. Where both husband and wife intended to convey the homestead, and both executed and delivered formal deeds for the purpose of conveying it, a subsequent purchaser, who in good faith has purchased the land and placed himself in such position that the repudiation of such deeds will work manifest injustice to him, may invoke the protection of the doctrine of estoppel.

**Finding sustained by evidence.**

3. The finding of the trial court that plaintiff is estopped from asserting the invalidity of the conveyance here in question is sustained by the evidence.

[1]Reported in 158 N. W. 244.

Note.—Authorities passing on the question of effect of wife's separate deed of homestead in connection with a conveyance by her husband, or her subsequent joinder therein, are reviewed in a note in 8 L.R.A.(N.S.) 748.

Action in the district court for Big Stone county to recover possession of certain premises and $960 damages for their detention. The answer set up substantially the facts stated in the first paragraph of the opinion. The case was tried before Flaherty, J., who made findings that plaintiff was estopped from asserting title or right of possession to the land in controversy and ordered judgment in favor of defendants. Plaintiff's motion for amended findings was denied. Plaintiff's motion for a new trial was denied. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

*Kaercher & Freerks,* for appellant.

*T. J. McElligott* and *Charles E. Chrisman,* for respondents.

Taylor, C.

Plaintiff owned a farm of 320 acres in Big Stone county of which 80 acres was his homestead. In 1909 his wife separated from him and removed to South Dakota where she has ever since resided. In 1910 plaintiff made an arrangement with one Ferch to exchange the farm for a farm in Chippewa county. For the purpose of conveying the farm to Ferch, a quitclaim deed therefor was executed by plaintiff's wife on October 5, 1910, and delivered to Ferch, and a separate quitclaim deed therefor was executed by plaintiff on October 21, 1910, and delivered to Ferch. Both deeds were recorded on October 26, 1910, and were both executed and delivered as a part of the same transaction and for the purpose of conveying to Ferch the entire farm including the homestead. Ferch conveyed the farm by warranty deed to defendant George C. Miley. In November, 1914, plaintiff's wife obtained a divorce from him. In February 1915, plaintiff, claiming that the conveyance of the homestead was void, for the reason that he and his wife had executed separate deeds to Ferch and had not joined in the same deed, brought this action to recover the homestead from Miley. The district court made extended findings of fact, and rendered judgment to the effect that plaintiff was estopped from asserting title or right of possession to the homestead as against Miley, and that Miley was the owner thereof. Plaintiff appealed from the judgment.

Although a conveyance of the homestead not executed as required by the statutes is void, it has frequently been recognized that the parties

may, by their conduct, estop themselves from asserting its invalidity. Law v. Butler, 44 Minn. 482, 47 N. W. 53, 9 L.R.A. 856; Esty v. Cummings, 75 Minn. 549, 78 N. W. 242; Lucy v. Lucy, 107 Minn. 432, 120 N. W. 754, 131 Am. St. 502, Ekblaw v. Nelson, 124 Minn. 335, 144 N. W. 1094.

The details of the arrangement and transactions between plaintiff and Ferch are only partially disclosed. It appears with reasonable clearness however that plaintiff received a contract for the Chippewa county land; that he conveyed his farm to Ferch subject to mortgages and other liens amounting to about $9000; that he was indebted to Ferch in a considerable sum; that he was to receive credit for the farm at not less than $35 per acre less the amount of the incumbrances; that the conveyance to Ferch was for the purpose of vesting title in Ferch until a sale could be made to some third party; and that it was agreed between them that plaintiff's personal property upon the farm should be sold at auction on November 2, 1910, and the proceeds thereof be credited to plaintiff upon the Chippewa county land, and that the farm conveyed to Ferch should also be sold at auction by Ferch at the same time, and the proceeds thereof above $35 per acre be credited to plaintiff. Plaintiff, who had previously made an attempt to sell the farm to Miley, again went to him and informed him that the farm had been conveyed to Ferch and would be sold at the auction, and induced him to attend the sale for the purpose of buying it. At the sale Miley made several bids for the farm and then concluded to go no higher and ceased bidding. Plaintiff urged him to make one more bid. He did so and obtained the farm for the sum of $11,432. The court found that this was about the value of the farm at that time. Immediately after the sale, Miley paid Ferch $2,432 and received a contract for a deed. Subsequently he assumed incumbrances upon the farm amounting to more than $7,000, paid Ferch an additional $2,000 in money, and received a warranty deed from him. Plaintiff surrendered possession of the farm to Ferch before the sale, Ferch surrendered possession of it to Miley immediately after the sale, and Miley has been in possession of it ever since. The court found that since taking possession of the farm Miley has paid all the taxes thereon, and has placed improvements of the value of more than $1,000 upon the homestead eighty, and has also placed improvements of the value of more than

$1,000 upon the remainder of the farm which he would not have placed thereon had he not believed that he was the owner of the homestead eighty. The court also found that, by reason of the representations made by plaintiff, Miley believed that the title to the entire farm was vested in Ferch; that he made his payments to Ferch and received his deed in good faith with the knowledge and acquiescence of plaintiff; that he had no actual knowledge of the state of the title until long afterward; that plaintiff knew that Miley was making improvements upon the homestead in the belief that he was the owner thereof, but made no claim thereto; that both plaintiff and his wife intended to convey the homestead to Ferch and believed that they had done so; that no offer to return the consideration received for the homestead or any part thereof has ever been made, and that plaintiff is seeking to recover the homestead without returning any part of such consideration.

Plaintiff contends that, although the facts may be sufficient to work an estoppel as against himself, they are not sufficient to work an estoppel as against his wife, and that neither is estopped unless both are estopped. The wife left the homestead more than a year before the making of the conveyance and never thereafter returned to it. She executed a formal deed for the purpose of conveying it to Ferch and never thereafter claimed any interest in it, but without objection permitted Ferch and his grantee to occupy it for four years and expend large sums for improvements and taxes. She procured a divorce from plaintiff and thereby completely divested herself of whatever interest in the homestead she may previously have possessed. If plaintiff succeds in the present action, his recovery will not inure to her benefit in the slightest degree, but solely to his own benefit.

It requires the joint act of both husband and wife to alienate the homestead. But where both intend to alienate it, and both give expression to that intention by executing and delivering formal deeds for the purpose of conveying it to the purchaser, these acts lay such a foundation for the operation of the principles of estoppel that the purchaser, or one holding under him, may invoke the protection of that doctrine whenever, in honest reliance upon such acts, he has placed himself in a position where permitting such grantors to deny the validity of such conveyances would result in manifest injustice to him. Plaintiff is the only one who can now

attack the validity of the deeds, and we think the evidence is sufficient to sustain the finding of estoppel made by the trial court.

Plaintiff also contends that Miley knew all the facts in respect to the deeds that he himself knew; that they were merely mutually mistaken as to the law; and that Miley cannot invoke the doctrine of estoppel for that reason. As to this point, it is sufficient to say that the trial court found the facts against plaintiff, and that the evidence sustains the finding that Miley relied upon plaintiff's representations that the title had been conveyed to Ferch, and did not possess equal knowledge with plaintiff as to the manner in which such title had been so conveyed, even if the evidence be insufficient to sustain some of the findings as to some of the evidentiary facts.

Judgment affirmed.