## PRICY FULLER v. LUDWIG JOHNSON AND OTHERS.[1]

December 28, 1917.

No. 20,696.

**Estoppel — wife cannot question husband's conveyance — evidence.**

In 1909 plaintiff's husband executed and delivered to defendants a warranty deed of land owned by him. The deed appeared on its face to have been executed and acknowledged by plaintiff, but in fact she did not execute or acknowledge it. In this action brought in 1915, in which plaintiff claims an undivided one-third interest in the land, her

[1]Reported in 165 N. W. 874.

husband having died in 1910, it is *held*, that the findings to the effect
that plaintiff had full knowledge of the transaction immediately after
it occurred, acquiesced therein, accepted and retained the benefits
thereof, are sustained by the evidence, and warrant the conclusion that
plaintiff is equitably estopped from maintaining the action.

Action in the district court for Meeker county for partition and to re-
cover $500, the value of the use of plaintiff's interest in the land during
the time she was excluded therefrom. The answer alleged that on De-
cember 16, 1909, George Fuller and his wife sold the land to defendants
Johnson for $5,000; that thereafter a controversy arose between husband
and wife as to the division of the consideration, and after his death,
plaintiff, acting as administratrix of his estate, drew the consideration
from the bank on April 1, 1911, and ever since has retained the money.
The case was tried before Daly, J., who found that plaintiff by her acts
was estopped from maintaining the action. From an order denying her
motion for a new trial, plaintiff appealed. Affirmed.

*Raymond H. Dart*, for appellant.

*N. D. & C. H. March*, for respondent.

BUNN, J.

In 1904, and for many years before, plaintiff was the wife of George
Fuller. He owned an 80-acre tract of land in Meeker county. Prior to
1904, plaintiff and her husband lived in that county. In that year, while
they were in the state of Virginia, plaintiff gave to her husband a power
of attorney by the terms of which he was empowered to deed and convey
"all my lands that I have, or any interest, in the county of Meeker and
state of Minnesota." In December, 1909, while the parties were living
in the state of Washington, plaintiff's husband executed and delivered to
defendant a warranty deed of the Meeker county land. This deed pur-
ported to be executed and acknowledged by George Fuller and the plain-
tiff, his wife. But as a matter of fact plaintiff never executed the deed
or acknowledged it. Her husband signed her name, took the deed and
the power of attorney before mentioned to a notary public, who was
persuaded to and did sign the acknowledgment as though plaintiff had
appeared personally before him, retaining the power of attorney as evi-
dence of his authority. The consideration for the deed was $5,000, and

was paid to George Fuller, $1,000 in cash, and the balance in four certificates of deposit for $1,000 each, issued in Fuller's name by a bank at Dassel, Minnesota. The cash, except $50 paid to plaintiff for household expenses, was put by Fuller into his business in Washington. The certificates of deposit were kept in the home of the parties. George Fuller died October 10, 1910. This action was commenced in the fall of 1915. It is a partition action, plaintiff claims to own an undivided one-third interest in the Meeker county land, and is seeking a partition or sale, and a money judgment for the value of the use of her one-third interest during the time she has been excluded therefrom. The case was tried and a decision rendered in favor of defendants, the court holding that the deed was void as a conveyance of plaintiff's inchoate interest in the land, but that plaintiff was estopped by her acts from maintaining the action. Plaintiff appeals from an order denying her motion for a new trial. The same order denied her motion to amend the findings and conclusions.

The assignments of error attack most of the trial court's findings, its refusal to find as requested, and the conclusion of law that plaintiff is estopped and therefore not entitled to prevail in the action.

We find it unnecessary to discuss the various assignments of error relating to the findings. We will say that the material findings are amply sustained by the evidence, and that we find no error in the refusal to make any of the amendments requested by plaintiff. The question in the case is whether the facts justify the conclusion that plaintiff is estopped. The facts are very little in conflict, and may be stated as follows:

Plaintiff learned of the deed to defendants and of their payment of the consideration to her husband immediately after the transaction. There is in addition evidence tending to show that the matter of selling the Meeker county land had been before this discussed by plaintiff and her husband, and that she expressed her assent, coupled with the condition that she should have part of the proceeds. She wrote to defendant Ludwig Johnson on learning of the transaction. This letter had been lost; plaintiff testified that it was simply a notice to defendant that she did not sign the deed; Ludwig Johnson testified that plaintiff wrote in the letter that she never signed the deed, but would be satisfied if she got her money. There is evidence that she wrote also to the banker in Dassel

who had conducted the transaction, demanding that he remit to her her share of the money received for the land. There was no answer to these letters. Defendants went into possession of the land immediately and have been in possession ever since. The deed was absolutely regular on its face, and defendants had no knowledge that plaintiff did not sign it until her letter was received.

As before stated George Fuller died October 10, 1910. He left a will, but his widow renounced its provisions, electing to take what the laws of Washington gave her, one-half of the estate. She was appointed administratrix of her husband's estate in February, 1911. As administratrix she took possession of the certificates of deposit, and in April, 1911, collected them, with $200 interest. She accounted for this $4,200 to the estate. After the estate was administered, the final decree of the Washington court having charge of the estate assigned one-half of the residue of the real estate and personal property to plaintiff as the widow of deceased, and one-half as provided in the will. Plaintiff received under this decree an undivided half interest in real estate in Washington; as to the personal property, there was little left after the payment of debts, the monthly allowances made plaintiff during administration, and the payment for services as administratrix. The trial court found as a fact that of the purchase price of the Meeker county land plaintiff received for her own use and benefit and with full knowledge of all the facts, the sum of $2,150, and still retains the same; that of this sum $50 was received by her at the time of sale, and $2,100 as the heir of her husband. This finding is attacked as not supported by the evidence, and counsel for plaintiff practically concedes that, if this finding is sustained, plaintiff's case fails.

We think the evidence sustains this finding. It is true that the $4,200 received from the certificates of deposit was practically all used to pay claims against the estate and the allowances to the widow, but plaintiff received the benefit of half that sum, in that her half interest in the real estate was relieved from the payment of debts of the deceased, the allowances to his widow and expenses of administration. Of course the power of attorney (which, by the way, plaintiff revoked after the deed was executed) gave Fuller no right to convey his wife's inchoate interest in the land. But it tends to strengthen the evidence that plaintiff had agreed

that the Meeker county land should be sold, and that her only concern was that she should receive some part of the money. It seems clear from the evidence that she acquiesced in the transaction. She never protested after her letters to defendant and the banker, and at no time did she make any claim that the deed did not convey her interest. She demanded money, and appears to have been satisfied with what she got out of her husband's estate, until some four years later when this action was brought. We have a case of acquiescence with full knowledge of all the facts, and long silence, leading defendants to believe that she made no claim. We do not say that mere acquiescence, or silence, or even the long delay, would constitute an estoppel by conduct, or equitable estoppel. But we have here another very important element, that is, the acceptance and retention by plaintiff of the benefits of the transaction. It is not so much an estoppel by election between two inconsistent remedies, as it is an estoppel created by the conduct of plaintiff, considered as a whole, for the many years after she had knowledge of the facts. It would be unjust to defendants now to deprive them of one-third of the land, after in good faith paying for all of it, and after the value has increased, and valuable improvements made.

The principles governing the doctrine of equitable estoppel are so well stated in Dimond v. Manheim, 61 Minn. 178, 63 N. W. 495, and in other cases in this state, that a statement of them here would be useless repetition. That by receiving and retaining the benefits of a transaction, with full knowledge of the facts when the party may accept or reject without serious inconvenience, an estoppel is created, is well settled law. Pederson v. Christofferson, 97 Minn. 491, 106 N. W. 958. See Orr v. Sutton, 127 Minn. 37, at page 59, 148 N. W. 1066, Ann. Cas. 1916C, 527, and authorities cited. Plaintiff was not obliged to take the money; she could have accepted or rejected without serious inconvenience. As before stated, the evidence indicates quite clearly that she took the money not because she was compelled to, but because that was what she wanted.

We are of the opinion that the evidence sustains the findings of the trial court, and its conclusion that plaintiff should have no relief in this action. We discover no error.

Affirmed.