## STANLEY BOZICH AND ANOTHER v. FIRST STATE BANK OF BUHL, MINNESOTA.[1]

November 4, 1921.

No. 22,445.

**Mortgage upon homestead — false representation.**

1. The evidence sustains a finding that the plaintiff falsely represented to the defendant that he was unmarried, and thereby obtained a loan upon the faith of a mortgage upon his homestead, in which his wife did not join.

**Estoppel against husband after death of his wife.**

2. A mortgage by a married man upon his homestead is void unless his wife joins, but, when the husband falsely and fraudulently represents to the mortgagee that he is unmarried, and thereby gets a loan upon the faith of a mortgage without his wife joining, he will not be heard in a court of equity, after the death of his wife, he remaining the owner, to assert its invalidity, but will be *held* estopped by his misrepresentation.

Action in the district court for St. Louis county to cancel a mortgage on a homestead. The answer alleged the mortgage was procured through the false representation of Stanley Bozich. The case was tried before Fesler, J., who made findings and ordered judgment in favor of defendant. From an order denying his motion for amended findings or for a new trial, Stanley Bozich appealed. Affirmed.

*Carl A. Onkka, O. J. Larson* and *George S. Sjoselius,* for appellant.

*Austin & Austin* and *Charles T. Wangensteen,* for respondent.

DIBELL, J.

Action by the plaintiffs, husband and wife, to cancel a mortgage made by the plaintiff Stanley Bozich, his wife not joining, on their homestead. There were findings for the defendant, and the plaintiff Stanley

[1]Reported in 184 N. W. 1021.

150 M.—16.

Bozich appeals from the order denying his motion for a new trial. Mrs. Bozich died after the commencement of the action. The questions are:

(1) Whether Bozich secured the loan for which the mortgage was given by fraudulently representing that he was unmarried.

(2) If so, whether he will now be heard to assert that the mortgage is void because his wife did not join, or is estopped to assert its invalidity.

1. The plaintiffs were married on November 27, 1914. Helda died on January 7, 1919. This was after the commencement of this action but before issue joined.

On December 22, 1914, Bozich mortgaged to the defendant two lots in Kinney to secure a loan of $3,000. Helda did not join. The property was their homestead. Bozich represented to the bank in his application for the loan, and in response to a direct question, that he was a single man, and it was so recited in the mortgage and in the acknowledgment. The defendant believed and relied upon such representation and by it was induced to make the loan and take the mortgage.

The facts stated were found by the trial court from evidence amply sustaining them. Bozich knew that his wife should sign. Whether he knew the full legal effect of a failure to sign when the mortgage was upon the homestead is not apparent. He knew that the bank supposed it was getting a good lien and his representation was necessarily fraudulent.

2. A mortgage by the owner of the homestead without the joinder of the other spouse is void. G. S. 1913, § 6961. The defendant's claim is that Bozich, his wife having died, and he still owning the property, cannot now be heard in a court of equity to say that the mortgage was void, and that he is estopped to assert its invalidity.

In reviewing the facts and applying the law the trial court said:

"Stanley Bozich unquestionably perpetrated a fraud on the defendant. The purpose of estoppel is to prevent fraud resulting in injustice. If any state of facts justifies the application of the doctrine of estoppel it ought to be applied here. Stanley obtained $3,000 from the defendant by falsely representing that he was a single man. He now asks the court to release the mortgaged property from the lien of the mort-

gage without requiring him to pay the loan. His wife is dead. No one will be benefited by such decree but the party who perpetrated the fraud. The courts cannot be used for such a purpose."

The language quoted forecasts the correct result. Many cases, speaking directly to the facts presented and with emphasis upon the importance of preserving unimpaired the homestead right, have used language from which on casual view an inference might be drawn that an estoppel cannot be invoked at all when a spouse fails to sign. Usually in these cases the estoppel was predicated upon covenants in the conveyance. In Alt v. Banholzer, 36 Minn. 57, 29 N. W. 674, the court was unable to agree whether a husband, who mortgaged the homestead, his wife not joining, representing to the mortgagee that he was unmarried, was estopped, after a divorce, from denying the validity of the mortgage, and the question was left undecided. It has not been decided since.

There are cases holding or implying that an estoppel may be invoked from facts apart from the covenants. Lucy v. Lucy, 107 Minn. 432, 120 N. W. 754; Ekblaw v. Nelson, 124 Minn. 335, 144 N. W. 1094; Bullock v. Miley, 133 Minn. 261, 158 N. W. 244; Esty v. Cummings, 75 Minn. 549, 78 N. W. 242; Law v. Butler, 44 Minn. 482, 47 N. W. 53, 9 L.R.A. 856. It is held that covenants of title in a deed of the homestead, the wife not joining, will not work an estoppel against the husband. Alt v. Banholzer, 39 Minn. 511, 40 N. W. 830, 12 Am. St. 681. This is not such a case. The defendant does not predicate the estoppel which it invokes upon the covenants in the mortgage. Upon inquiry made Bozich fraudulently represented that he was unmarried and by his misrepresentation induced the defendant to part with $3,000 upon the faith of the proffered security. The fraudulent misrepresentation is the basis of the estoppel claimed.

We go no further than the question directly presented. We hold that where as here the mortgagor, a married man, procures a loan on his homestead by fraudulently representing that he is unmarried, and afterwards his wife dies, ownership remaining in the meantime unchanged, the situation then being that a mortgage executed by himself alone is valid, he will not be heard to say in a court of equity that the mortgage

which he made when his wife was living was void and will be held estopped to assert its invalidity.

Instructive cases from other jurisdictions are Pitman v. Mann, 71 Neb. 257, 98 N. W. 821; Adams v. Gilbert, 67 Kan. 273, 72 Pac. 769, 100 Am. St. 456; Mason v. Dierks Lumber & Coal Co. 94 Ark. 107, 125 S. W. 656, 26 L.R.A. (N.S.) 574.

Order affirmed.