## HOWARD ANDERSON AND ANOTHER v. FIRST NATIONAL BANK OF PINE CITY.

228 N. W. 2d 257.

March 28, 1975—No. 45209.

*George W. Colburn* and *Harry N. Ray,* for appellant.

*Vogel, Nemo, Chrysler & Stapleton* and *E. Martin Stapleton,* for respondents.

Heard before Otis, Kelly, and Chanak, JJ., and considered and decided by the court en banc.

NICHOLAS S. CHANAK, JUSTICE.*

Plaintiffs brought this action in the District Court of Pine County to cancel a mortgage deed. Defendant appeals from a judgment in favor of plaintiffs after trial by the court without a jury. We affirm.

Plaintiffs, husband and wife, as joint tenants owned a homestead situated in Pine County. During 1970, plaintiffs desired a consolidation loan to reduce the monthly payments on other loans made to them and, for that purpose, consulted with defendant bank.

In March 1970, Mrs. Anderson went to the bank for the purpose of procuring the loan and returned home with papers for her husband to sign. He refused to sign because the blanks in the papers were not filled in. Thereafter, Mrs. Anderson signed Mr. Anderson's name as well as her own to the papers, a promissory note and a mortgage deed on the homestead, and delivered them to the bank. Although Mr. Anderson did not authorize his wife to affix his signature and was not present at the time of delivery,

---

*Acting as Justice of the Supreme Court by appointment pursuant to Minn. Const. art. 6, § 2, and Minn. St. 2.724, subd. 2.

an officer of the bank executed the notary acknowledgment on the mortgage deed dated March 9, 1970.

The total amount of the loan including interest was $10,066.75, and proceeds of the loan in the amount of $9,321.07 were applied to prior smaller loans of plaintiffs at defendant bank and to other debts.

In the summer of 1971, plaintiffs fell behind in their payments, and on February 23, 1972, defendant commenced mortgage foreclosure proceedings by service of notice of foreclosure. The property was sold to defendant at public sale on April 28, 1972. This action to cancel the mortgage and to set aside the foreclosure sale was commenced on April 4, 1973.

Issues raised by this appeal are: (1) Whether plaintiff Howard Anderson ratified the actions of his wife in signing his name to a mortgage deed and promissory note; (2) whether Howard Anderson was estopped by his conduct from disclaiming the validity of the mortgage deed to which his wife had affixed his name; and (3) whether plaintiffs' action was barred by laches.

Ratification occurs when one, having full knowledge of all the material facts, confirms, approves, or sanctions, by affirmative act or acquiescence, the originally unauthorized act of another, thereby creating an agency relationship and binding the principal by the act of his agent as though that act had been done with prior authority. Fox v. Morse, 255 Minn. 318, 96 N. W. 2d 637 (1959); Strader v. Haley, 216 Minn. 315, 12 N. W. 2d 608 (1943).

Defendant contends that Mr. Anderson ratified his wife's act (1) by his silent acquiescence and his failure to notify the bank and (2) by retaining the funds after he learned of the forgery. For brevity, the second element is discussed only under defendant's estoppel claim.

Mr. Anderson testified that he remained silent because he feared that his wife would be prosecuted for forgery. The substance of Mr. Anderson's testimony was that, when he learned

3 months after the fact that his wife had forged his signature, he believed she had merely signed his name to a loan agreement secured by personal property and did not realize that the papers she had signed were for a mortgage until the plaintiffs were served with notice of foreclosure on February 23, 1972. Thus, he lacked the knowledge of all material facts necessary for a ratification.

At oral argument defendant argued that Mr. Anderson must have known that his wife had procured a mortgage loan because he must have noticed that the monthly payments to the bank had been reduced and because "fresh, new money" must have appeared in the Andersons' bank account. These charges are unsupported by the record. As ratification was an affirmative defense, defendant had the burden of proving all material facts necessary to establish it. Having failed to sustain that burden at trial, defendant cannot now do so by speculating as to the existence of facts not clearly shown in the record.

Statutory impediments to ratification appear in Minn. St. 507.02 and 519.06. The former, as far as here material, reads:

"If the owner be married, no mortgage of the homestead, except for purchase money unpaid thereon, nor any sale or other alienation thereof shall be valid without the signatures of both husband and wife."

Without the husband's signature, the mortgage was void. Weitzner v. Thingstad, 55 Minn. 244, 56 N. W. 817 (1893).

Nor can it be held that Grace Anderson acted as the agent of her husband. Minn. St. 519.06 provides:

"No contract between husband and wife relative to the real estate of either, or any interest therein, nor any power of attorney or other authority from the one to the other to convey real estate, or any interest therein, shall be valid; * * *."

Both parties claim that Marr v. Bradley, 239 Minn. 503, 59 N. W. 2d 331 (1953), supports their respective position. There, a husband, purporting to act as agent for his wife, entered into

a contract to convey their homestead to others. After the contract was executed, plaintiff filed a notice of lis pendens against the property. Thereafter, both the husband and wife joined in a deed to the purchasers. In an action plaintiff subsequently brought to compel the surviving purchaser to convey the premises, the defendant contended that when the wife of the seller executed the deed, she ratified her husband's prior contract to sell her interest in the property and that the agency relationship thus created related back, giving the purchasers an interest in the property from the time the contract for sale was executed. In rejecting this theory, we relied on Minn. St. 507.02 and 519.06, stating that the contract was wholly void and that the buyer acquired no rights until both spouses joined in a deed conveying the property to the purchasers. Although the seller's wife confirmed the act of her husband when she executed the deed, the doctrine of relation back did not apply because the wife could not ratify an act she could not originally have authorized. See, Farmers Co-op. Exchange Co. v. Fidelity & Deposit Co. 149 Minn. 171, 182 N. W. 1008 (1921) ; Restatement, Agency 2d, § 84(2).

The trial court held, both as a finding of fact and conclusion of law, that Howard Anderson did not ratify his wife's unauthorized signature of his name. The evidence and law support the conclusion.

■ Defendant further contends that Mr. Anderson is estopped, by his conduct in accepting and using the proceeds of the loan secured by the mortgage after learning of his wife's forgery, from asserting the invalidity of the mortgage deed. Reliance is placed on Seitz v. Sitze, 215 Minn. 452, 10 N. W. 2d 426 (1943) ; Fuller v. Johnson, 139 Minn. 110, 165 N. W. 874 (1917) ; and Ekblaw v. Nelson, 124 Minn. 335, 144 N. W. 1094 (1914), for the proposition that one who voluntarily accepts and retains the proceeds of a transaction is estopped by his conduct from later repudiating it. Mr. Anderson concedes the rule but denies

that he received and retained the benefits of the transaction. It appears from the record that the proceeds of the loan were applied directly in payment of smaller loans from the bank to plaintiffs and in payment of other debts. Plaintiffs' position is analogous to that of the plaintiff in Schoenborn v. State Bank of Richmond, 159 Minn. 205, 198 N. W. 801 (1924). In that case we held that because plaintiff's alleged agent used the proceeds of the loan in question to pay off plaintiff's mortgage, plaintiff was never in a position to accept or reject the proceeds and thus could not be estopped from repudiating the loan agreement.

Fuller v. Johnson, *supra,* is distinguishable in that there the plaintiff knew at the time her husband forged her name to the deed in question that he was doing so and she accepted the proceeds of the sale of the realty with prior knowledge of the defect in the deed. Estoppel was similarly found in Seitz v. Sitze, *supra,* where the plaintiff had supported his mother in consideration of a promise by the father to convey or devise the parents' homestead to the plaintiff. The instant case is further distinguished from other cases finding estoppel in that the evidence establishes that the harm had been done by the time Mr. Anderson learned that his wife had signed his name to the loan papers. At that point the benefit had already been conferred and the proceeds used. The trial court was justified in holding as a matter of law that there was no estoppel.

■ The final defense raised was laches. Plaintiffs did not know of the existence of the mortgage until they were served with notice of foreclosure. The bank apparently did not alter its position in reliance on its mortgage between the time that Mr. Anderson learned of his wife's conduct and the time of the commencement of the action. Thus, laches is not shown. Prior to the March 9, 1970, transaction, the bank's small loans were secured by personal property of the plaintiffs which continued to be used as security for the consolidation loan. Prejudice to the other party resulting from delay is an essential element of laches. See,

Sanvik v. Maher, 280 Minn. 113, 158 N. W. 2d 206 (1968);
Lemmer v. Batzli Electric Co. 267 Minn. 8, 125 N. W. 2d 434
(1963); Halloran v. Blue & White Liberty Cab Co. Inc. 253 Minn.
436, 92 N. W. 2d 794 (1958). Prejudice was not shown here.

There being sufficient evidence to support the trial court in
its findings of no ratification, no estoppel, and no laches, the
judgment is affirmed.

Affirmed.