ANNA M. ALT *vs.* FREDERICK BANHOLZER.

December 18, 1888.

**Homestead—Mortgage without Wife's Signature.**—A mortgage (not for purchase money) of his homestead, by a married man, without his wife's signature, is void. Following former decisions.

**Same—Subsequent Divorce.**—The fact that the husband and wife are subsequently divorced will not render it valid.

**Same—Covenants not an Estoppel.**—The covenants of title in such a mortgage will not operate as an estoppel against the mortgagor or his assigns.

**Estoppel by Covenants—Requisites.**—In order that covenants in a deed may work an estoppel, it must itself be a valid instrument.

Appeal by defendant from a judgment of the district court for Hennepin county, and from an order refusing a new trial, the action having been tried by *Hicks*, J., without a jury. A former appeal is reported, 36 Minn. 57.

*Jordan, Penney & Hammond*, for appellant.

*Thomas Canty*, for respondent.

MITCHELL, J. The only facts here material are that a married man executed upon his homestead a mortgage, (not for purchase-money,) with covenants of title, but without his wife's signature. Subsequently the wife obtained a divorce, and, having since become the purchaser of the premises, brings this suit against the mortgagee to have the mortgage adjudged void. Inasmuch as the court finds as facts that the mortgagee knew when he took the mortgage that the mortgagor was a married man, and that the plaintiff, when she purchased, did not agree to pay the mortgage, the questions involved on a former appeal (36 Minn. 57; 29 N. W. Rep. 674) do not now arise. Two or three well-settled propositions of law are decisive of the case.

1. Under our statute a conveyance or mortgage (not for purchase-money) of his homestead, by a married man, without his wife's signature, is absolutely void, and is not rendered valid by the fact that

the premises subsequently lose their character as a homestead. *Barton* v. *Drake*, 21 Minn. 299. Decisions from other states, construing their statutes as protecting only what may be called the "homestead right," and hence holding that the husband has an estate in the premises outside of and beyond that right, which may be the subject of a sale or mortgage by his sole deed, are not in point.

2. The fact that in this case the wife has since obtained a divorce from the mortgagor is immaterial. A decree of divorce does not relate back, but takes effect only from the date of the judgment.

3. The covenants in the mortgage cannot operate as an estoppel by deed against the mortgagor or his assigns. To work an estoppel the mortgage itself must be a valid instrument. The covenants can have no greater validity than the deed itself. It would nullify the statute to hold that a deed which the law declares void, should, by reason of the covenants of the grantor, operate effectually as a conveyance. Big. Estop. 338–340. Thomp. Homest. & Ex. § 474; *Connor* v. *McMurray*, 2 Allen, 202; *Barton* v. *Drake, supra; Conrad* v. *Lane*, 26 Minn. 389, (4 N. W. Rep. 695.)

There is nothing in the assignments of error on the admission of evidence. The most that can be said of any of the evidence objected to is that it was immaterial, but could not possibly have affected the result, and hence its admission, if error, was without prejudice.

Order and judgment affirmed.