## URSULA WIDMANN v. JOHN F. OLINGER AND ANOTHER.[1]

January 12, 1923.

No. 23,087.

**Deed procured by fraud not set aside as to bona fide purchaser in reliance on the deed.**

1. A purchaser in an earnest money contract of sale was advised by his attorney of a flaw in the title. He asked the vendor to correct the title. The seller proceeded to do so by procuring a deed from a record owner. On the faith of it, the buyer paid for the land. The deed was procured by fraud. The evidence sustains a finding that the buyer was a bona fide purchaser and that as to him the deed should not be set aside.

**Possession of stranger not notice to buyer that deed was obtained by fraud.**

2. Possession of a stranger to all parties was not notice to the buyer of any fraud upon the grantor in procuring the deed obtained by the vendor.

**Defenses not inconsistent.**

3. The defenses of bona fides on the part of the purchaser, and of want of title in the grantor in the deed, were not inconsistent.

Action in the district court for Hennepin county to set aside a certain deed. The case was tried before Gould, J., who made findings and dismissed the action as to John F. Olinger and dismissed as to Joseph Alt without perjudice to any proceeding plaintiff might take in the premises. From an order denying her motion for amended findings and for a new trial, plaintiff appealed. Affirmed.

*Colfax Grant* and *C. J. Cahaley,* for appellant.

*M. C. O'Donnell,* for respondent.

[1] Reported in 191 N. W. 588.

HALLAM, J.

In 1884 John Alt, a married man, gave to Frederick Banholzer a mortgage on a piece of land at Bush Lake in Hennepin county. His wife did not join in the mortgage. Part of the land was Alt's homestead. With the homestead was included a small tract of seven acres, here in question. In 1885 the mortgage was foreclosed. Thereafter Anna M. Alt, wife of John, sued to have the mortgage declared void. It was declared void as to the homestead, but not as to the other land included. Alt v. Banholzer, 39 Minn. 511, 40 N. W. 830, 12 Am. St. 681. In 1920 the record title to the seven acres still stood in Frederick Banholzer, though he died in January, 1903. Defendant Joseph Alt is the son of John. In 1920 he claimed to own the land, claiming that he thought the mortgage had been set aside as to all the land contained in it. Defendant Olinger is a farmer in Hennepin county. In 1920 he told a neighbor, John Tierney, that he wanted to buy a piece of wood land. Tierney told him of this seven-acre tract, told him Alt owned it and took him to see Alt, and on June 20, 1920, an earnest money contract of sale from Alt to Olinger was made and $50 paid down. Alt furnished an abstract and Olinger took it to an attorney for examination. The attorney reported to Olinger that there was a "flaw in the title." Olinger notified Alt and he called on the attorney. The attorney notified him of the nature of the flaw in the title. Alt claimed that the title was good and went to his own attorney. Either Alt or his attorney was notified that it would be necessary to procure a quitclaim deed from the heirs of Frederick Banholzer. Alt or his attorney proceeded to do this. It developed that plaintiff was the only heir. She had never heard of Bush Lake, and, the trial court found, did not know of the existence of this land, and had never made any claim of title thereto. Her evidence sustains this finding. The court further found that she had never paid any taxes on the land. This naturally follows from the fact that she did not know of its existence. Through Max Nusser, Alt procured a deed from plaintiff, for consideration of $15, and thereafter and on December 27, 1920, the quitclaim deed was examined by Olinger's attorney, and found sufficient to correct the title, and the sale was closed

and the price paid. Alt gave to Olinger a warranty deed. Alt recorded the quitclaim deed; Olinger the warranty deed.

Plaintiff later brought this action to set aside her deed to Alt, alleging that it was procured by fraud. The trial court found that Nusser procured the deed by misrepresentation of the facts concerning the title to the land, but that Olinger was a bona fide purchaser for value, and that he purchased in reliance on said deed, and had no knowledge of the misrepresentations made by Nusser.

The principal question in the case is whether the finding that Olinger was a bona fide purchaser is sustained by the evidence. We are of the opinion that it is. As far as Olinger is concerned, the case was the usual one of a purchaser under an earnest money contract of sale of land, the title to which proves defective. He notified the seller of the fact that the title was defective. The seller and his own attorney proceeded in their own way to correct the title. Olinger did not concern himself with what they were doing and it was no concern of his. He could not presume that they would use fraud. He was no more required to inquire into the circumstances of execution of this deed than of any other in the chain of title. His testimony is that he did not know of the fraud; did not know Nusser or know that he was employed; had no relations with Alt, save as purchaser from him; did not conspire with any of them. Until this transaction arose, they were strangers. The court found in accordance with his testimony. Unless we are to hold that a purchaser of land is obliged to supervise the steps which his vendor takes to make his title good, there is, on this state of facts, no liability on the part of Olinger. He was under no such obligation and Olinger is not answerable for the misconduct of Alt or his agent. Olinger was not buying land in dispute as in Lloyd v. Simons, 90 Minn. 237, 95 N. W. 903.

2. A Mrs. Harvey was in possession, perhaps in adverse possession. Her possession was notice of her rights and, by reason of it, Olinger was chargeable with notice of any facts, pertaining to her claim, which investigation would disclose. Ludowese v. Amidon, 124 Minn. 288, 144 N. W. 965. But her possession was not notice of any fraud upon plaintiff, and there is no intimation in the record

that inquiry of Mrs. Harvey would have disclosed any claim of plaintiff.

3. Some questions of pleading and practice are raised. They are not important. The case was tried and determined on the merits with full opportunity to all parties to present their evidence. But we see no real question of pleading or practice. The complaint stated a cause of action in fraud to set aside the deed against all defendants. Defendant Olinger alleged his bona fides and also alleged that at the time of the giving of the deed plaintiff had no title. There is no inconsistency in the two defenses. The case proceeded on the issue raised by the first. The failure of the second was of no prejudice to the first.

Order affirmed.