**Brian J. PETERSON, Respondent,**

v.

**William J. HINZ, et al., Appellants,**

**Minneapolis Community Development Agency, et al., Defendants.**

**No. C5–99–1299.**

Court of Appeals of Minnesota.

Feb. 1, 2000.

Brian J. Peterson, P.A., Minneapolis, MN (attorney pro se).

Michael J. Orme, Dana K. Nyquist, Orme & Associates, Ltd., Eagan, MN (for appellants).

Considered and decided by SCHUMACHER, Presiding Judge, CRIPPEN, Judge, and DAVIES, Judge.

## OPINION

CRIPPEN, Judge.

Initially, the trial court determined that there was no merit to respondent's suit to enforce attorney liens and imposed Rule 11 sanctions in the form of attorney fees against respondent. Appellants dispute the subsequent decision of the court to reverse these sanctions. We affirm.

## FACTS

It is undisputed that there is no merit in respondent's suit to enforce the lien. The lien was claimed against homestead property. Respondent's client, Luther Holt, waived the homestead exemption but this waiver was not signed by Holt's wife, Lori Simpson.[1] In spite of the failure to obtain

1. The trial court found the property was owned by both Holt and Simpson but did not characterize the form of Simpson's interest, to clarify whether it was as a joint tenancy, tenancy in common, or an inchoate interest.

Simpson's signature, respondent persistently characterized the waiver as valid and has attempted to enforce his liens against the Holt/Simpson property.[2]

■ After respondent filed suit to enforce his lien claims, the trial court correctly determined that a valid waiver had not occurred. By statute, no conveyance of a homestead is valid without the signature of both spouses.[3] The court correctly determined that the granting of an attorney lien constituted a conveyance governed by the statute. *See Alt v. Banholzer*, 39 Minn. 511, 40 N.W. 830 (1888) (mortgage void without wife's signature); *see also Coles v. Yorks*, 28 Minn. 464, 468, 10 N.W. 775, 777 (1881) (mortgage void without wife's signature); *O'Hagan v. United States*, 86 F.3d 776, 779 (8th Cir. 1996) (under Minnesota law, tax lien void for lack of spousal consent).

Finding the lien claims were not valid, the trial court granted summary judgment to appellants and determined that Rule 11 sanctions were appropriate.[4] The court found that the law was "absolutely clear" that respondent's liens were not valid, that respondent's suit to enforce the lien was in bad faith, and that respondent did not present any good faith effort to alter or reverse the law. Respondent subsequently asked the trial court to reconsider, pleading that his position had merit. The court reiterated that respondent's contentions were "completely unfounded" and that respondent did not even advance a good faith argument for a change in the law. But the court rescinded its order based on its opinion that respondent "subjectively believed" his claims had merit.

## ISSUE

Did the trial court err in considering respondent's subjective good faith belief?

## ANALYSIS

■ Asking that this court reinstate the trial court's initial imposition of sanctions, appellants contend that the court erroneously determined the Rule 11 issue on a subjective standard of analysis, an approach that is no longer appropriate. *See Uselman v. Uselman*, 464 N.W.2d 130, 142–43 (Minn.1990) (stating an objective standard of reasonableness under the language now employed in Rule 11). Respondent erroneously insists that Rule 11 sanctions cannot be imposed without a subjective showing of bad faith, such as a knowingly false pleading or a pleading made for ill purposes such as harassment. *Uselman* flatly contradicts respondent's position.

Contrary to appellants' assertions, the trial court did not employ the wrong standard in considering the cause for imposing

---

The characterization of Simpson's interest is not critical to a determination of the case.

2. After respondent filed his liens, Holt and Simpson were divorced and title to the property was awarded to Simpson before it was conveyed to appellants. These events do not affect the legal analysis in this case.

3. Minn.Stat. § 507.02 provides "If the owner is married, no conveyance of the homestead, * * * shall be valid without the signatures of both spouses." Minn.Stat. § 507.02 (1998).

4. Rule 11 provides:

The signature of an attorney or party constitutes a certification that the pleading, motion or other paper has been read; that to the best of the signer's knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or cause unnecessary delay or needless increase in the cost of litigation. * * *. If a pleading, motion or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion or other paper, including reasonable attorney fees.

Minn. R. Civ. P. 11.

sanctions against respondent. The court initially applied an objective standard, finding that the law was "absolutely clear" that respondent's claims had no merit and that respondent had not presented any good faith argument for a change in the law. The court reiterated this finding upon reconsideration of its action, stating that respondent's claims were "completely unfounded" and that it was "absolutely clear" that respondent's arguments had no merit. These findings make it clear the trial court found that respondent did not have an "objectively reasonable basis" for pursuing his claims. *See id.* at 143.

Subsequently, the trial court exercised its discretion and reversed the imposition of sanctions, explaining that respondent's subjective good faith formed the basis for that relief. Convincing authority supports the trial court's consideration of respondent's subjective good faith, and this approach has been accorded favor by the Minnesota Supreme Court. *See id.* at 142–43, 145 (stating the correct standard for Rule 11 sanctions is an objective standard of reasonableness under the circumstances, but that the court may also consider the presence or absence of bad faith in determining an appropriate sanction) (citing *Business Guides v. Chromatic Communications Enters.*, 892 F.2d 802, 810 (9th Cir.1989)); *see also* Fed.R.Civ.P. 11 advisory committee's note (1983) (stating that court, in considering the nature and severity of sanctions to be imposed, should take into account the attorney's or party's actual or presumed knowledge).

■ In sum, the objective standard under Rule 11 permits the imposition of sanctions for the filing of a meritless claim, without a finding of subjective bad faith. But the objective standard does not mandate sanctions in such a circumstance. There is no merit in appellants' assertions to the contrary.[5] The trial court has wide discretion in determining the type of sanctions it deems necessary. *Kellar v. Von Holtum*, 605 N.W.2d 696, 702 (Minn.2000). In the exercise of its discretion, the trial court may choose to withhold sanctions based upon the subjective belief of the attorney.

■■ In its decision to withhold sanctions, the trial court must be affirmed in the absence of an abuse of discretion, to "afford the trial court the flexibility necessary to resolve the initial questions and most readily [accomplish] the policy goals of the rule." *Uselman*, 464 N.W.2d at 145. An abuse of the trial court's discretion has not been asserted by appellants and is not evident in the record. We are mindful in this regard that the supreme court requires a narrow construction of Rule 11 and sees the rule as a mechanism for deterrence rather than a punitive device. *Id.* at 142.

Finally, appellants contend that respondent was not entitled to reconsideration of the sanctions award in light of the requirements of Minn. R. Gen. Pract. 115.11, which instructs the trial courts to deny motions for reconsideration unless "compelling circumstances" are shown and prescribes a process for requesting permission to make such a motion. This contention rests on the assertion of appellants that is rejected in this opinion, namely, that the trial court could not withhold sanctions based on a subjective consideration. The court did not abuse its

---

**5.** Appellants point to the Rule 11 statement that the court "shall impose" sanctions for pleadings in violation of the rule. As appellants assert, *Uselman* acknowledged this "mandatory" character of the rule. *Uselman*, 464 N.W.2d at 142. We observe that the mandate is narrowed by its call for an "appropriate" sanction, its statement of what the court "may include" in its choice of sanctions, Minn. R. Civ. P. 11, and the duty to

impose the "least severe sanction necessary to effectuate the purpose of deterrence." *Uselman*, 464 N.W.2d at 145 (quotation omitted). More importantly, as reviewed in this opinion, *Uselman* states considerations on sanctions that make inappropriate a suggestion that trial court is bound as a matter of law to impose sanctions for unwarranted claims. *See Uselman*, 464 N.W.2d at 145.

discretion in giving attention to this facet of the sanctions issue or in assessing the importance of the question in the circumstances of this case.

**Affirmed.**