**METROPOLITAN AIRPORTS COMMISSIONS,**
Plaintiff,

v.

**William J. BEARMAN,**
**et al., Appellants,**

**Farm Credit Services of St. Cloud,**
**et al., Defendants,**

**City of Eden Prairie, Respondent.**

**No. A05–2041.**

Court of Appeals of Minnesota.

July 3, 2006.

Leland S. Watson, Minneapolis, MN, for appellants.

Mark J. Johnson, Siira B. Gunderson, Gregerson, Rosow, Johnson & Nilan, Ltd., Minneapolis, MN, for respondent.

Considered and decided by PETERSON, Presiding Judge; HALBROOKS, Judge; and MINGE, Judge.

## OPINION

HALBROOKS, Judge.

Appellants challenge the district court's order awarding respondent the remaining funds from an eminent-domain proceeding. Appellants allege, among other things, that they are entitled to the funds because respondent never enacted a resolution levying the special assessment that the parties agreed to. Because the city council failed to adopt a resolution levying the special assessment, there is no valid lien against appellants' property, and they are entitled to the remaining funds. We therefore reverse.

## FACTS

In 1999, appellants William and Claudia Bearman were notified by an agent of the Metropolitan Airports Commission (MAC) that MAC intended to take appellants' property by eminent domain. Appellants, at the time, ran an equine-stabling business. After learning of the possible taking, appellants phased out their equine business and took steps to develop their property as a residential subdivision.

Appellants claim that between 1999 and 2001, they were sporadically informed that the taking might not occur. In February 2001, MAC filed its eminent-domain petition in the district court. The district court approved the petition in May and appointed a commission to determine compensation.

In the interim, in order to proceed with their residential subdivision, appellants negotiated with respondent city of Eden Prairie to gain approval for rezoning. The subdivision also required certain improvements, including sewers, water mains, and an extension of Eden Prairie Road. The parties entered into an assessment agreement (agreement) on August 21, 2001, whereby respondent would complete the improvements and appellants' property would be subject to a special assessment in the amount of the cost of the improvements. The parties estimated that cost to be $114,897.25, and both agreed that that was the amount of special benefits the property would receive from the improvements.

On October 10, 2001, the commissioners filed their compensation award in the district court, which constitutes the official date of the taking. The commissioners awarded compensation in the amount of $2,847,346, but failed to apportion the award amongst the interested parties. Appellants conveyed the property to MAC in December at a closing. No action, including a city-council resolution adopting appellants' petition for the special assessment, was taken by respondent on the agreement either prior to, or following, the taking in October 2001. In August 2004, appellants sent respondent a letter, attempting to terminate the agreement effective October 1, 2004.

The motion for approval of a final certificate of the eminent-domain proceeding was filed with the district court on March 16, 2005, at which time MAC had paid compensation to the interested parties and placed the disputed funds in escrow. The district court set a date to finalize approval of the eminent-domain proceeding. Appellants and respondent both moved for disbursement of the escrowed funds. The district court granted respondent's motion and denied appellants' motion, thereby ordering disbursement of the escrowed funds to respondent. This appeal follows.

## ISSUE

Is the special-assessment agreement valid and enforceable?

## ANALYSIS

■ "The levying of a special assessment is a legislative act. When an assessment is regularly made, it is presumed to be lawful and correct and the burden of proof rests upon the objector to demonstrate its invalidity." *Joint Indep. Sch. Dist. No. 287 v. City of Brooklyn Park,* 256 N.W.2d 512, 516 (Minn.1977) (citing *In re Appeals by Am. Oil Co. v. City of St. Cloud,* 295 Minn. 428, 435, 206 N.W.2d 31, 36 (1973) (stating that "[l]aying and apportioning assessments is legislative in its nature, and an assessment made by the body charged with that duty is presumed to be lawful and correct") (quotation omitted)).

■ Chapter 429 of the Minnesota Statutes regulates the levying of special assessments for local improvements—the type of improvements involved here. Minn.Stat. § 429.061, subd. 1 (2004), regulates the assessment procedure:

At any time after the expense incurred or to be incurred in making an improvement shall be calculated under the direction of the council, the council shall determine *by resolution* the amount of the total expense the municipality will pay.... The proposed assessment roll shall be filed with the clerk and be open to public inspection. The clerk shall thereupon, under the council's direction, publish notice that the council will meet to consider the proposed assessment.

(Emphasis added.) Prior to the public hearing on the proposed assessment, any affected landowners may file objections to the proposal with the clerk. Minn.Stat. § 429.061, subd. 1. At the public hearing, "the council shall hear and pass upon all objections to the proposed assessment." *Id.,* subd. 2 (Supp.2005). The council may then adopt the resolution. *Id.* "The assessment ... shall be a lien upon all private and public property ... *from the date of the resolution adopting the assessment." Id.* (emphasis added). The definition of council, for purposes of this chapter, is "the body of the city having general legislative powers." Minn.Stat. § 429.011, subd. 3 (2004).

Moreover, "[w]hen any portion of the cost of an improvement is defrayed by special assessments, the procedure prescribed in this chapter *shall* be followed unless the council determines to proceed under charter provisions." Minn.Stat. § 429.021, subd. 3 (2004) (emphasis added); *see* Minn.Stat. § 645.44, subd. 16 (2004) (stating that "[s]hall is mandatory").

Here, it is undisputed that respondent's council never enacted a resolution adopting the special assessment. The parties entered into a contract, stating that appellants agreed to the assessment and that they waived their right to notice of the public hearing, the right to have a public hearing, and their right to object to the assessment. But they did not, and could not, waive the procedure by which an assessment is levied. It is required by statute that the council levy the special assessment, as it is a legislative function that the legislature delegated only to the council. *See* Minn.Stat. § 429.021, subd. 3. Respondent's mayor signed the agreement; but that is not sufficient to levy a special assessment because it is not the procedure outlined by the statutes.

The agreement stated that the special assessment was a lien against the land. But it does not become a lien against the land until a special assessment is levied. Minn.Stat. § 429.061, subd. 2. Thus, the agreement did not, in and of itself, create a valid lien against the land.

## DECISION

Because the city council never adopted a resolution levying the special assessment, it is invalid and unenforceable. Appellants are entitled to the funds in the escrow account.

**Reversed.**