*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A15-1392**
**A15-1882**

Sheehy Construction Company,
Respondent,

vs.

City of Centerville,
Appellant.

**Filed July 25, 2016**
**Affirmed; motion granted**
**Halbrooks, Judge**

Anoka County District Court
File No. 02-CV-09-5300

Kristine Kroenke, Julia J. Douglass, Fabyanske, Westra, Hart & Thomson P.A., Minneapolis, Minnesota (for respondent)

Kurt Glaser, Smith & Glaser, LLC, Minneapolis, Minnesota (for appellant)

Considered and decided by Halbrooks, Presiding Judge; Bjorkman, Judge; and Jesson, Judge.

**U N P U B L I S H E D   O P I N I O N**

**HALBROOKS**, Judge

Appellant challenges the district court's grant of summary judgment to respondent, arguing that (1) the district court erred by concluding that collateral estoppel bars appellant from collecting interest from respondent, (2) appellant is authorized to

correct the district court record through the legislative process, (3) the district court lacked subject-matter jurisdiction, and (4) the district court abused its discretion by sanctioning appellant's attorney. Respondent filed a notice of related appeal, asserting that the district court abused its discretion by limiting the sanction against appellant's attorney and his law firm to $2,000. We affirm.

## FACTS

Respondent Sheehy Construction Company owns a parcel of real property located in appellant City of Centerville. In 2009, the city imposed a special assessment of $379,000 on a five-acre parcel of property owned by Sheehy. Sheehy appealed the special assessment to the district court, arguing that the assessment amounted to an unconstitutional taking because the amount of the assessment exceeded the benefit to the property. The district court set aside the city's assessment and directed the city to reassess the special benefit in an amount not exceeding $241,000. The city appealed, and this court affirmed the district court but modified the maximum amount to $249,000. *Sheehy Constr. Co. v. City of Centerville*, No. A11-0827 (Minn. App. May 14, 2012).

On January 9, 2013, the city adopted resolution 13-005, which amended the 2009 special assessment to $249,000 to reflect the $249,000 cap set by this court. The city attempted to include repayment terms based on the 2009 assessment, asserting that Sheehy owed accumulating interest. On or around February 7, 2013, Sheehy served the city with a letter detailing its objections to the reassessment outlined in resolution 13-005. Sheehy did not contest the $249,000 reassessment amount but objected to the city's proposed repayment terms as an improper attempt to circumvent the statutory

2

requirement in Minn. Stat. § 429.081 (2014) that interest on a special assessment begins to accrue from the date of the resolution adopting the assessment.

On February 13, 2013, the city council voted to adopt resolution 13-009 and presented it to the mayor for signature. The resolution reads in part:

> NOW THEREFORE, BE IT RESOLVED BY THE CITY COUNCIL OF CENTERVILLE, MINNESOTA,
>
> 1. Such proposed assessment, a copy of which is attached hereto and made a part hereof, is hereby adopted and shall constitute the special assessment against the lands named therein, and each tract of land therein included is hereby found to be benefited by the improvement in the amount of the assessment levied against it.
>
> 2. Such assessment shall be payable in annual installments extending over a period of 15 years, the first installment to be payable on or before the first Monday in January, 2014 and *shall bear interest at the rate of 5.75 percent per annum from the date of the adoption of this assessment resolution*. Each installment shall include interest to December 31, of the year of collection.
>
> 3. The owner of any property so assessed may, at any time prior to certification of the assessment to the county auditor, pay the whole or part of the assessment on such property with interest accrued to the date of payment to the City Administrator, *except that no interest shall be charged on any amount paid within 30 days of the adoption of this resolution*; and he may at any time thereafter, pay to the administrator the entire amount of the assessment remaining unpaid, with interest accrued to December 31 of the year in which such payment is made. Such payment must be made before November 15 or interest will be charged to December 31 of the next succeeding year.

(Emphasis added.) The assessment roll attached to resolution 13-009 assessed Sheehy's property in the amount of $249,000. The mayor signed the resolution on February 13,

2013.  The city advised Sheehy that it intended to assess interest of $35,517.70 as of March 11, 2013 based on the vacated June 2009 assessment.

Sheehy paid $85,000 to the city on March 11, 2013, which fulfilled its payment obligation of $249,000.[1]  It is undisputed that Sheehy's final payment was made within 30 days of the February 13, 2013 reassessment.  Sheehy appealed the special assessment to the district court, arguing that the city had improperly attempted to collect interest through its adoption of resolution 13-005.  And both parties brought summary-judgment motions before the district court.

The city opposed Sheehy's assessment appeal, arguing that it had not included any interest as part of the February 13, 2013 reassessment.  The city provided the district court with a copy of resolution 13-009 that had been signed by the mayor.  The district court granted summary judgment to the city and affirmed the reassessment as provided in resolution 13-009, concluding that the city's assessment against Sheehy did not include any interest between June 10, 2009 and February 13, 2013.  Sheehy's motion for declaratory judgment was denied on the ground that it had not been pleaded and was beyond the scope of relief of Minn. Stat. § 429.081.

After the district court granted summary judgment in favor of the city, the city claimed that the version of the resolution in the district court record upon which the case had been decided did not match the language in the resolution passed by the city council.  The city council then reconvened and passed a "corrected" resolution, 13-009A, that the

---

[1] Sheehy paid the city $164,000 on December 7, 2010.

4

mayor signed and backdated to February 13, 2013. On October 9, 2013, the city council voted to replace resolution 13-009 with resolution 13-009A.

On April 9, 2014, the city council adopted another resolution, 14-020, that reiterated the city's intent to collect interest from Sheehy based on the amount of the February 2013 reassessment but dating back to the June 2009 assessment. Sheehy again appealed the assessment to the district court, arguing that because the district court had already determined in the second assessment appeal that Sheehy paid the amount in full within 30 days of the adoption of the February 2013 reassessment, the city was estopped from imposing interest on Sheehy. Sheehy also moved for reasonable expenses and attorney fees under Minn. R. Civ. P. 11.02 and 11.03 and Minn. Stat. § 549.211 (2014).

The district court granted Sheehy's motion for summary judgment, denied the city's motion for summary judgment, and granted Sheehy's motion for sanctions. The order directed Sheehy to file, within 14 days, affidavits in support of its reasonable attorney fees. Both parties were provided an opportunity to file documents in support of their position on sanctions.

Instead of complying with the district court's request for documents, the city moved for reconsideration, a new trial, and for relief under Minn. R. Civ. P. 60.02. At the motion hearing, the district court granted Sheehy's motion to strike the city's request for a new trial. On June 9, 2015, the district court denied the city's motion for relief under Minn. R. Civ. P. 60.02. The district court also issued a separate order imposing a $2,000 personal sanction against the city's attorney, Kurt B. Glaser, and his law firm, Smith & Glaser, L.L.C., under Minn. R. Civ. P. 11. This appeal follows.

**D E C I S I O N**

**I.**

The city argues that it should not be collaterally estopped from taking further action to collect unpaid interest from Sheehy dating back to 2009 because (1) the issues decided by the district court in the second assessment appeal are different than those in the third assessment appeal and (2) the September 6, 2013 order rendered summary judgment in favor of the city.

Under Minnesota law, collateral estoppel bars relitigation of an issue when:

> (1) the issue [is] identical to one in a prior adjudication; (2) there was a final judgment on the merits; (3) the estopped party was a party or in privity with a party to the prior adjudication; and (4) the estopped party was given a full and fair opportunity to be heard on the adjudicated issue.

*Ill. Farmers Ins. Co. v. Reed*, 662 N.W.2d 529, 531 (Minn. 2003) (quotation omitted).

"Whether collateral estoppel precludes litigation of an issue is a mixed question of law and fact that we review de novo." *Hauschildt v. Beckingham*, 686 N.W.2d 829, 837 (Minn. 2004). "Once it is determined that collateral estoppel is available, the decision to apply the doctrine is left to the [district] court's discretion." *In re Trusts Created by Hormel*, 504 N.W.2d 505, 509 (Minn. App. 1993), *review denied* (Minn. Oct. 19, 1993). We will not reverse a district court's decision to apply collateral estoppel absent an abuse of discretion. *Pope Cty. Bd. of Comm'rs v. Pryzmus*, 682 N.W.2d 666, 669 (Minn. App. 2004), *review denied* (Minn. Sept. 29, 2004).

Here, the district court barred the city from taking any action in 2014 related to the collection of unpaid interest from Sheehy, citing its decision in the second assessment

6

appeal. In that appeal, the district court found that "[t]he sole action presently before the court is an appeal of the City's February 13, 2013, reassessment of the Sheehy Property in the amount of $249,000 brought pursuant to Minnesota Statutes section 429.081." In the third assessment appeal, the district court stated that "the dispositive issue in the Second Appeal was whether the City had, in fact, assessed Sheehy interest commencing on June 10, 2009, through the adoption of Resolution 13-009." The city argues that collateral estoppel does not apply because the issues in the second and third reassessment appeals are distinctly different. We disagree. The issue of interest is a fundamental component of the district court's decision in the second assessment appeal and, thus, is dispositive in the third.

In the second assessment appeal, the district court explicitly addressed whether Sheehy owed backdated interest:

> 14. Sheehy also initially contended that the City assessed it interest on the special assessment on February 13, 2013. This position is not tenable based on the plain language of Resolution 13-009.
>
> 15. First, the plain language of Resolution 13-009 provides that the reassessment amount is in the attached assessment roll, which indicates that the Sheehy Property was reassessed in the amount of $249,000.
>
> 16. Second, Resolution 13-009 specifically addresses the issues of interest and repayment. The adopted Resolution plainly provides (1) that interest of 5.75 percent on the repayment would begin to accrue from the date of the February 13, 2013, assessment resolution, and (2) that "no interest will be charged on any amount paid within 30 days of the adoption of this [February 13, 2013] assessment resolution."

7

17. The court therefore finds that, based on the undisputed facts of this case, the City reassessed the Sheehy Property in the amount of $249,000 on February 13, 2013, and did not include any assessment for interest between June 10, 2009, and February 13, 2013.

18. Sheehy has paid the February 13, 2013, reassessment amount, as adopted in Resolution 13-009, in full.

The issue of interest was clearly and unambiguously decided in the second assessment appeal. The district court engaged in a plain reading of the resolution provided to it by the city, concluding that Sheehy's obligation was satisfied because it paid its $249,000 assessment within 30 days of the date that resolution 13-009 was signed. Thus, Sheehy does not, according to the city's own terms, owe interest.

The city cites several other arguments in support of its position that collateral estoppel is inapplicable in this case, namely that "[f]airness now dictates that this prior decision should not be used to collaterally estop the City from collecting over $40,000 in unpaid interest from Sheehy."[2] These ancillary arguments are without merit as they are

_____

[2] The district court correctly found that all elements of a collateral-estoppel claim had been satisfied, and it was undisputed that both parties were afforded a full and fair opportunity to be heard.

> Both parties extensively briefed their cross-motions for summary judgment in the Second Appeal, and both had a full opportunity to seek to vacate, appeal, or amend the September 6, 2013, summary judgment order. Both parties were notified by the court that the September 6, 2013, summary judgment had been decided on the basis of the record provided to the court, including the copy of Resolution 13-009 provided by the City as Exhibit 18, and that any party that sought to correct the factual record would need to file a formal motion with the court.

8

all premised on the belief that Sheehy owes interest, which the district court correctly determined that it does not. The district court did not abuse its discretion by determining that the city is collaterally estopped from taking action against Sheehy to collect interest from the 2009 assessment that was set aside by the district court.

## II.

In support of its attempt to substitute resolution 13-009A, which provides for interest, for resolution 13-009, the city argues that it is authorized through the separation-of-powers doctrine to legislatively amend the version of the resolution that formed the basis of the district court's ruling against the city. "The levying of a special assessment is a legislative act." *Metro. Airports Comm'ns v. Bearman*, 716 N.W.2d 403, 405 (Minn. App. 2006) (quotation omitted), *review denied* (Minn. Sept. 19, 2006). So long as the special assessment does not exceed the benefits to the property, the assessment is a legislative function on the part of the city council and will not be overturned absent clear error. *Anderson v. City of Bemidji*, 295 N.W.2d 555, 560-61 (Minn. 1980).

While assessments are a legislative function, they are subject to judicial review. *See* Minn. Stat. § 429.081 ("Within 30 days after the adoption of the assessment, any person aggrieved, who is not precluded by failure to object prior to or at the assessment hearing, or whose failure to so object is due to a reasonable cause, may appeal to the district court . . . ."). The district court properly recognized the limited scope of judicial review and adhered to the separation-of-powers doctrine when it concluded that "[i]f a city council takes an action that is clearly erroneous, it must be set aside by the court."

9

The city's position that it was permitted to draft a replacement resolution with a significant substantive revision after the district court decided the matter is untenable. The city provided resolution 13-009 to the district court and defended it during the entire time it litigated the second assessment appeal. It only took issue with the resolution after it realized that it was foreclosed from collecting interest from Sheehy because Sheehy had paid the $249,000 in full within 30 days. The city opted not to follow the district court's instruction to file a formal motion, challenging the summary-judgment order. The city's solution was, in essence, to avoid complying with the district court's order by "legislatively" replacing one version of a signed resolution with another one that allowed it to collect interest. Now, on appeal to this court, the city alleges that the district court violated the separation-of-powers doctrine by not agreeing to informally allow the city to correct a "mistake" in the language of its special-assessment resolution after the district court ruled.

It appears that the city is arguing that *any* action taken in a special-assessment proceeding is protected from judicial review. This position is inherently flawed. As Sheehy asserts, "if the City's argument is correct, it is saying that the City's legislative authority is superior to judicial authority because if the City does not like a judicial decision, all it has to do is take legislative action."

The city also contends that the district court erred by not setting aside the second reassessment when it informally provided the "corrected" version to the district court. In an assessment appeal, "[t]he court shall either affirm the assessment or set it aside and order a reassessment . . . ." Minn. Stat. § 429.081. Not only was the district court not

10

required to review an amendment provided by the city through informal communication, but the district court correctly observed that nothing further was owed by Sheehy with regard to the $249,000 assessment. And absent a finding that Sheehy owed any special-assessment debt, the district court was not required to set aside the assessment and order a new one. *See In re Vill. of Burnsville Assessments for Improvement No. 70TS-8 for Sanitary Sewer*, 287 N.W.2d 375, 377 (Minn. 1979) ("Here, the trial court, in finding that there were no special benefits, impliedly set the permissible ceiling at zero. This being the case, any remand to the city of Burnsville for reassessment would have been pointless.").

For these reasons, the district court correctly determined that "the City's attempt to amend the reassessment to include amounts that Sheehy did not owe was an unreasonable exercise of its legislative authority and clear error."

**III.**

The city argues that the district court did not have subject-matter jurisdiction over the third assessment appeal because both prior appeals were filed in the district court under the same file number. Subject-matter jurisdiction involves a court's authority to decide a particular class of actions and its authority to decide the particular questions before it. *Cochrane v. Tudor Oaks Condo. Project*, 529 N.W.2d 429, 432 (Minn. App. 1995), *review denied* (Minn. May 31, 1995). "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Minn. R. Civ. P. 12.08(c). "Because subject-matter jurisdiction goes to the authority of the court to hear a particular class of actions, lack of subject-matter

11

jurisdiction may be raised at any time." *Irwin v. Goodno*, 686 N.W.2d 878, 880 (Minn. App. 2004) (quotation omitted).

The city cites no authority for the proposition that the use of the same file number deprives a district court of subject-matter jurisdiction. An assignment of error in a brief based on "mere assertion" and not supported by argument or authority is waived unless prejudicial error is obvious on mere inspection. *State v. Modern Recycling, Inc.*, 558 N.W.2d 770, 772 (Minn. App. 1997). This court may decline to reach an issue in absence of adequate briefing. *State Dep't of Labor & Indus. v. Wintz Parcel Drivers, Inc.*, 558 N.W.2d 480, 480 (Minn. 1997).

Other than a general claim that the use of the same district court file number is inappropriate, the city fails to illustrate how it was prejudiced by this. It is not obvious on mere inspection how the use of the same file number for continuing matters between the same litigants deprived the district court of subject-matter jurisdiction. This issue is waived.

**IV.**

Both parties argue that the district court abused its discretion by sanctioning Glaser, the city's attorney, and his law firm in the amount of $2,000. Glaser and the city assert that Glaser's actions were objectively reasonable. Sheehy maintains that the $2,000 sanction is insufficient because it only reflects Sheehy's costs to defend against the city's motion to dismiss.

We review the district court's award of sanctions under Minn. Stat. § 549.211 (2014) and Minn. R. Civ. P. 11.03 under an abuse-of-discretion standard. *Collins v.*

12

*Waconia Dodge, Inc.*, 793 N.W.2d 142, 145 (Minn. App. 2011), *review denied* (Minn. Mar. 15, 2011). If a party's claims are not warranted by existing law or a nonfrivolous argument for extension of existing or new law, the district court may grant the opposing party sanctions. Minn. R. Civ. P. 11.02(b), 11.03. But "[a] [r]ule 11 sanction should not be imposed when counsel has an objectively reasonable basis for pursuing a factual or legal claim or when a competent attorney could form a reasonable belief a pleading is well-grounded in fact and law." *Bergmann v. Lee Data Corp.*, 467 N.W.2d 636, 641 (Minn. App. 1991) (quotation omitted), *review denied* (Minn. May 23, 1991).

The district court ordered sanctions in the amount of $2,000 against Glaser and his law firm on the grounds that

> the City's Motion to Dismiss makes claims about the factual and procedural history of this matter that the court finds objectively unreasonable and unjustifiable. In particular, the City fundamentally mischaracterizes the basis for the court's September 6, 2013, summary judgment order. Sheehy notes that the City incorrectly asserts that the question of the City's authority to accrue interest to the date of the vacated assessment was decided by the court. The court finds that this interpretation of the September 6, 2013, order is plainly contradicted by the language of the court's order.

The crux of the city's argument is that the city council was legislatively authorized to fundamentally alter the terms of a resolution so that it is entitled to collect interest from Sheehy dating back to an assessment that had been set aside by the district court. The city has consistently refused to accept the district court's authority to rule on the plain language in resolution 13-009 that it provided to the district court. The city attempted to circumvent the district court's decision by backdating an amended version of the

13

resolution to replace the resolution that it claimed to have mistakenly supplied to the district court. When the district court imposed sanctions and directed the city to file a response to the reasonableness of Sheehy's requested fees, the city instead filed "a barrage of paperwork challenging the summary judgment."[3]

Glaser has repeatedly attempted to deflect his own errors onto the district court by blaming the sanctions on the fact that the 2013 and 2014 assessment appeals share the same court file number, insinuating that "confusion with the City's arguments related to this procedural irregularity ultimately led the court to sanction the City attorney" and suggesting that the district court misunderstood his legal argument. These claims are baseless. A thorough review of the record reveals that the district court patiently and exhaustively addressed the concerns of both parties throughout the entirety of this litigation. The record amply supports the district court's finding that "any competent attorney reading the order in full and completing a reasonable investigation would conclude that the September 6, 2013 order critically depended on the court's construction of the specific interest provisions of Resolution 13-009." The district court did not abuse its discretion by sanctioning Glaser and his law firm.

Sheehy contends that the district court abused its discretion by only awarding $2,000 based on the legal fees related to the city's motion to dismiss. Sheehy maintains that the city and Glaser never availed themselves of the opportunity to correct their actions or to respond appropriately during the litigation but instead "continued to file

---

[3] The district court limited its sanctions to Glaser, finding "no basis for attributing any of the alleged violations of Rule 11 in the City's motion to dismiss to the City itself."

14

motion after motion forcing Sheehy to incur more and more legal fees to defend against each motion." Sheehy argues that the district court erred by limiting sanctions solely to costs incurred as a result of the motion to dismiss as opposed to the costs associated with all of the motions that Sheehy was forced to respond to after the September 2013 order.

We recognize that the record in this matter could justify a higher sanctions award, but we will not substitute our judgment for that of the district court absent a clear abuse of discretion. *Arundel v. Arundel*, 281 N.W.2d 663, 667 (Minn. 1979). A district court has "wide discretion in determining the type of sanctions it deems necessary." *Peterson v. Hinz*, 605 N.W.2d 414, 417 (Minn. App. 2000), *review denied* (Minn. Apr. 18, 2000). The district court provided a thorough rationale of its decision to limit sanctions to any expenditures taken in response to the city's motion to dismiss. And the district court's sanction is not against the facts in the record. *See City of N. Oaks v. Sarpal*, 797 N.W.2d 18, 24 (Minn. 2011) ("[A] district court abuses its discretion when its decision is against the facts in the record."). We therefore decline to interfere with the amount of the district court's sanction.

## V.

An appellant must prepare an addendum to the principal brief that includes "a copy of any order, judgment, findings, or trial court memorandum in the action directly relating to or affecting the issues on appeal." Minn. R. Civ. App. P. 130.02. During oral argument, Glaser became aware that the addendum to the city's brief improperly included resolution 13-009A and subsequently moved this court to amend his addendum to include

15

resolution 13-009. We grant the city's motion to amend its addendum to align with the requirements of the rules.

**Affirmed; motion granted.**